AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

VITO C. GRIPPO

Defendant.

Case Number   2:12-cr-820-01

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**Date of Original Judgment:** 7/2/13
**Reason for Amendment:** Modification of Restitution Order (18 U.S.C. § 3664)

The defendant, VITO C. GRIPPO, was represented by Patrick N. McMahon, AFPD.

The defendant pled guilty to counts 1-4 of the INDICTMENT on 02/13/2013. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1349 | Conspiracy to commit wire fraud | 1/2008 -2/2010 | 1 |
| 26:7206(1) | Subscribing to a false tax return for the year 2006 | 04/17/2007 | 2 |
| 26:7206(1) | Subscribing to a false tax return for the year 2007 | 04/15/2008 | 3 |
| 26:7206(2) | Aiding in the preparation of a false tax return for the year 2008 | 04/17/2009 | 4 |

As pronounced on June 13, 2013, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $400.00, for counts 1-4, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 25th day of July, 2013.

_____
Hon. Kevin McNulty
United States District Judge

08527

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Defendant:     VITO C. GRIPPO
Case Number:   2:12-cr-820-01

Judgment – Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 96 Months, on Count 1 and terms of 30 months on each Counts 2, 3, and 4, all to be served concurrently.

The defendant shall surrender himself in September 2013 for service of sentence to the institution designated by the Bureau of Prisons. . The Court recommends that the Bureau of Prisons designate a facility for service of this sentence as near as possible to the defendant's home address, specifically FCI-Fort Dix.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant:     VITO C. GRIPPO
Case Number:   2:12-cr-820-01

Judgment – Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term consists of a term of 5 years on Count 1 and terms of 1 year on each of Counts 2, 3, and 4, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court. The defendant must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

### COOPERATION WITH THE INTERNAL REVENUE SERVICE

You are to fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and to timely file all future returns that come due during the period of supervision. You are to properly report all correct taxable income and claim only allowable expenses on those returns. You are to provide all appropriate documentation in support of said returns. Upon request, you are to furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and you are to fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

### MENTAL HEALTH TREATMENT

You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.

### NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

### SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you shall provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment – Page 4 of 7

Defendant:     VITO C. GRIPPO
Case Number:   2:12-cr-820-01

OCCUPATIONAL RESTRICTIONS

As a further special condition of supervised release, you are to refrain from any employment in the mortgage, real estate, or banking industry for reasons stated on the record.

{As an underlying foundation for this special condition, the Court must find that: (1) a reasonably direct relationship existed between the defendant's occupation, business or profession and the conduct relevant to the offense of conviction; (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted; and (3) that the time frame and structure of the special condition is for the minimum time frame and to the minimum extent necessary to protect the public.}

The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

|  |  |
|---|---|
| Defendant:     VITO C. GRIPPO | Judgment – Page 5 of 7 |
| Case Number:  2:12-cr-820-01 | |

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 6 of 7

Defendant: VITO C. GRIPPO
Case Number: 2:12-cr-820-01

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
            Defendant                         Date

_____
U.S. Probation Officer/Designated Witness    Date

Judgment – Page 7 of 7

Defendant: VITO C. GRIPPO
Case Number: 2:12-cr-820-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| Individuals: | |
| F.L. | $100,000.00 |
| S.M. | $174,000.00 |
| Z.M. | $300,000.00 |
| J.R. | $40,000.00 |
| R.S. | $103,500.00 |
| Estate of E.M. & E.M. | $326,153.00 |

After the above individuals are paid in full, restitution is to be paid to the following corporate victims in the following amounts:

| | |
|---|---|
| Citibank<br>Fraud Prevention & Investigation<br>1000 Technology Drive, MS367<br>O'Fallon, MO 63368 | $120,097.00 |
| Well Fargo Bank<br>Attn: External Crimes Investigation<br>Dept. 2038<br>Denver, CO 80291 | $112,078.00 |
| TOTAL: | $1,275,828.00 |

Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to the victim(s). It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $500, to commence 30 days after release from confinement.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.